## EXEMPTION OF PROPERTY FROM ASSESSMENTS FOR IMPROVEMENTS ALREADY PROVIDED.

Common Pleas Court of Clark County.

JOHN TITLOW ET AL V. CITY OF SPRINGFIELD, OHIO, ET AL.[*]

Decided, 1916.

*Assessment for Curb and Gutter—Injunction Against Enforcement of —Where Abutting Owners Have Provided Their Property With the Same Improvement Under a Previous Ordinance.*

Properties, in front of which are cement curbs and gutters in good repair and theretofore constructed under the provisions of a city ordinance, can not be assessed for any portion of the cost of constructing similar cement curbs and gutters in front of other properties abutting on the same street, and which were constructed as a part of the general improvement of said street by paving and constructing curbs and gutters.

*McGrew, Laybourne & MacGregor,* for plaintiffs.
*E. F. McKee,* City Solicitor, and *S. L. Tatum,* contra.

GEIGER, J.

Plaintiffs seek to enjoin the collection of a portion of an assessment against their property bounding and abutting upon West Pleasant street, levied to pay the cost of constructing an asphalt street with cement curbs and gutters along the same.

It appeared upon the trial of the case that the plaintiffs are the owners of property bounding and abutting upon West Pleasant street; that the city of Springfield, in 1907, by ordinance, required the owners of property abutting on West Pleasant street between certain limits, which included the property of the plaintiffs, to construct cement curbs and gutters in front of their respective properties; that thereafter the plaintiffs in compliance with said ordinance constructed said curbs and gutters, which since that time have been in good order and repair; that certain others of the property owners within the limits covered

---

*Affirmed by the Court of Appeals without report, May 19, 1916,

by said ordinance, neglected to comply with said ordinance, and failed to construct cement curbs and gutters, as required by said ordinance of 1907; that in November, 1912, the city, by proper ordinance, provided for the improving of the road-way of West Pleasant street by grading, constructing cement curbs and gutters and paving with sheet asphalt, such improvement covering that portion of the street included in the ordinance of 1907 as well as an additional length of street.

Under said ordinance the city proceeded to improve the street by paving, and by contructing cement curbs and gutters in front of all the premises bounding on said street, the owners of which had not complied with the ordinance of 1907 and also in front of premises not included in the ordinance of 1907 that thereafter the city passed an ordinance assessing the entire cost of paving said street and constructing cement curbs and gutters in front of the premises where none had heretofore been constructed, upon all the property bounding and abutting on said improvement, by a uniform rate per front foot.

It may be conceded that the city, by virtue of Section 3812, G. C., may assess upon abutting, adjacent and contiguous or other specially benefited land, the cost of the entire improvement mentioned in the statute by one of the three rules therein mentioned—the third being by the front foot of the property bounding and abutting upon the improvement, which was the manner adopted in the present case.

It is claimed, by counsel for the city, that under said rule the city may assess, by a uniform front foot rule, the expense of all the items enumerated in Section 3896, G. C., and that by virtue of these and other statutes, the city was authorized to provide in the improvement under the last ordinance, for the paving of the road-way of West Pleasant street, and for the construction of cement curbs and gutters, and that the entire cost of the same should be assessed against the property abutting upon said improvement, and according to the foot frontage thereof, and that not only was there power in the city council to so assess the cost equally against each abutting front foot, but that it would have been illegal for council, under the ordinance which it

was empowered to pass, to assess any front foot of said improvement at any rate that might differ from any other foot front abutting on said improvement, and that the city has authority to include in the cost of the improvement all expenses which might necessarily be incident to the making of that particular improvement, and that such expenses might cover the cost of the construction of cement curbs and gutters where none had theretofore been constructed, and that when the work is completed, the entire cost can be assessed uniformly by the front foot, irrespective of the fact that in front of certain property cement curbs and gutters had before been constructed under a prior city ordinance.

It is argued on behalf of plaintiffs that they having, in pursuance of the ordinance passed in 1907, constructed the cement curbs and gutters therein provided for, that they can not now be assessed for any portion of the cost of the construction of the cement curbs and gutters in front of any of the premises which were without curbs and gutters at the time of the last improvement.

There is no doubt but that in making a general improvement of a street, such expenses as are incident to the improvement may be included in the costs and assessed equally upon the abutting property by the front foot rule, but it does not necessarily follow that if the city, by a former ordinance, had compelled certain of the property owners to do a certain portion of the work, that those property owners can be assessed a portion of the cost of doing that which other property owners should have done under a former ordinance, but which they failed and neglected to do.

As to the claim of the city that it could not do other than assess by uniform front foot rule under the method of the assessment adopted by it, the court thinks that from the cases of *Findlay* v. *Frey*, 51 O. S., 390, *Smith et al* v. *Cincinnati et al*, 9 Ohio Dec., 806, and *Wilder* v. *Cincinnati et al*, 26 O. S., 284, the principle may be deduced that the city, in providing for the improvement of the street by an ordinance may pursue the policy of assessing the entire cost equally on each abutting foot, or it may divide

the street into sections, according to widths, and assess the cost of improving each section upon the property abutting on such section, or it may improve portions of a street not contiguous and assess the average cost of the improvement on the abutting front foot that may abut upon different sections of the improvement, even though the same may not be contiguous.

It was, therefore, within the power of the city, in the present case, had it desired to make the improvement in question in that way, to have divided the street into different sections, even though the same may not have been contiguous, where the cost of the improvement differs, for the reason that in front of some property there was already cement curb and gutter, and in front of others, none.

The court must therefore hold that the argument made by counsel for the city, that there was no other way, is not borne out by the authorities.

Counsel for the city cites the case of *Jeager et al* v. *Burr, Admr., etc.,* 36 O. S., 164, in which it is held that the cost of a street improvement is required to be assessed upon the abutting property, the rate of assessment must be uniform upon all property assessed.

There is a clear distinction between that case and the case at bar which a reading will readily disclose.

It is further argued by counsel for the city that even though the city had the power to make a different rate on the abutting front foot as the property had or had not already been improved with cement curbs and gutters, that having chosen to assess the entire cost equally on all abutting property, it was within the discretion of the city to do so, and the plaintiffs can not now object.

Section 3819, G. C., provides that council shall limit all assessments to the special benefits conferred upon the property assessed, and it is claimed by the property owners that the construction of the curbs and gutters under the last ordinance, in front of property other than their own, was of no special benefit to their property.

The city has sought to introduce evidence tending to show that the plaintiffs' property was specially benefited by the construc-

tion of the improvement, in an amount equal to or greater than the amount assessed upon each abutting foot.

It must be conceded that the very foundation of the right to levy a special assessment against property is that such property has derived a special benefit from the improvement different from the general benefit accruing to all other citizens.

The principles underlying special assessments upon private property to meet the cost of public improvements, is that the property upon which they are imposed, is peculiarly benefited, and therefore the owners do not, in fact, pay anything in excess of what they receive by reason of such improvement.

The exaction from the owner of private property of the cost of a public improvement, in substantial excess of the special benefits accruing to him, is, to the extent of such excess, a taking under the guise of taxation, of private property for public use without compensation.

The value of the entire benefits conferred upon the property may be assessed upon the land for the cost of the improvement; more, however, can not be exacted without impairing the inviolability of private property, guaranteed by the Constitution. See *Schroder* v. *Overman, Treas.*, 61 O. S., 1; *Walsh* v. *Barron, Treas.*, 61 O. S., 15; *Village of Norwood* v. *Baker*, 172 U. S. S. C. Repts., 269; *Dayton* v. *Bauman*, 66 O. S., 379-393; *Railway Co.* v. *Cincinnati*, 62 O. S., 465-475; *Chamberlain* v. *Cleveland*, 34 O. S., 551-561.

According to the principles announced in the foregoing cases, it would be perfectly proper that the city should assess against the abutting property owner, the cost, to the extent of the benefit accruing to the property from any improvement, but the benefit must be a special benefit incident to that property, and not one enjoyed by the public at large.

Therefore, where the city seeks to assess against the abutting property the cost of an improvement which is not of special benefit to that property, it exceeds its authority.

In the case at bar it is sought by the city to assess against the plaintiff's property the cost, not of building the plaintiffs' curb and gutter, but the cost of building some other curb and gutter, which is of no special benefit to the plaintiffs' property,

although the same might be in front of property immediately contiguous to that of the plaintiffs. The sanctioning of such a procedure on the part of the city would be dangerous. If the city is empowered to do in other cases as it has done in this, the close-fisted property owner who has been ordered by the city to lay a cement curb and gutter, will wisely refrain from complying with that order until such a time as the city may pass a subsequent ordinance and do the work itself, and assess the cost not only upon his own property, but upon that of his more progressive neighbor, who did comply with the original improvement ordinance. Such a rule would also discourage the private improvement of a street by progressive property owners.

The court is convinced the city has made a mistake in attempting to assess upon the plaintiffs' property what is clearly the cost of the curb and gutter laid, not in front of the plaintiffs' property, but in front of the plaintiffs' neighbors' property.

The finding will therefore be in favor of the plaintiffs, and the defendants will be enjoined from collecting so much of the assessment as was made on account of the expense of laying the cement curb and gutter for the reason that the plaintiffs have already paid for that portion of the improvement, under a former ordinance of the city.